UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| XING XING LIN, <br><br> Plaintiff, <br> v. <br><br> JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE <br><br> Defendant. | No. C 10-03757 LB <br><br> **ORDER GRANTING MOTION TO DISMISS, STRIKING PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES, AND GRANTING LEAVE TO AMEND** <br><br> **[ECF No. 9]** |

## I. INTRODUCTION

On August 24, 2010, Plaintiff Xing Xing Lin filed this lawsuit alleging that her employer, Defendant United States Postal Service, discriminated against her based on race, national origin, and sex by delaying updating her qualifications in a register used to evaluate eligibility for promotions, in violation of Title VII of the Civil Rights Act of 1964. *See* Complaint, ECF No. 1 at 8-10, ¶¶ 34-45. Plaintiff also claims that the Postal Service retaliated against her for prior EEO activity by the delay and by refusing to abide by the terms of a May 2008 settlement agreement resolving her prior claim of wrongful denial of a promotion. *See id.* at 10, ¶¶ 46-48. Plaintiff also claims that the delay for discriminatory reasons violated 42 U.S.C. § 1983 and breached a collective bargaining agreement. *See id.* at 10-11, ¶¶ 49-54.

The Postal Service moved to dismiss the complaint for failure to state a claim and for lack of subject-matter jurisdiction based on Plaintiff's failure to include facts in her EEO complaint

ORDER C 10-03757 (LB)

establishing elements of her discrimination claims, and it also asked the court to strike Plaintiff's claim for punitive damages.  Motion to Dismiss, ECF No. 9.

The court strikes the punitive damages claim and dismisses all claims in the complaint with leave to amend some claims.

As to claim one alleging discrimination based on race, national origin, and sex discrimination in violation of 42 U.S.C. § 1983, Title VII provides the only remedy for discrimination claims.  The court dismisses the claim with prejudice.

As to claims two through four alleging discrimination based on race, national origin, and sex in violation of Title VII, the court dismisses the claims for failure to state a claim under Rule 12(b)(6). Plaintiff pleaded insufficient facts regarding whether she was subjected to an adverse employment action and no facts regarding whether a similarly-situated individual outside her protected class was treated more favorably. On this record, the court cannot conclude that it lacks subject-matter jurisdiction based on Plaintiff's alleged failure to timely raise in her EEO complaint the specific adverse employment actions she suffered or more favorable treatment of similarly-situated individuals.  Therefore, the court dismisses the claims with leave to amend.

As to claim five alleging retaliation based on the 2009 delay in updating her promotional qualifications, the court dismisses the claim with leave to amend to plead facts establishing an adverse employment action and a causal link between the protected activity and the adverse action. Claim five also alleges retaliation in the form of refusal to comply with the terms of the 2008 settlement agreement.  Plaintiff concedes that she did not follow the specific administrative appeal processes required for settlement agreements negotiated through an EEO complaint process. *See* 29 C.F.R. § 1614.50(a).  The court dismisses claim five on this basis with prejudice for lack of subject-matter jurisdiction.

As to claim six alleging that the delay in updating Plaintiff's qualifications also violated the terms of her collective bargaining agreement, the court dismisses the claim with leave to amend.

## II.  FACTS

**A. Plaintiff's 2007 and 2008 EEO Activity And Settlement**

Plaintiff is a Chinese female employee of the United States Postal Service.  Complaint, ECF No.

ORDER C 10-03757 (LB)
2

1 at 3, ¶ 4.[1]  Defendant initially hired Plaintiff as a Labor Custodian on January 21, 2006.  *Id.* at 3, ¶ 8.  On about January 24, 2007, Defendant added Plaintiff's name to the Maintenance Mechanic Promotion Eligibility Register.  *Id.*  Starting on February 26, 2007, Plaintiff began performing the tasks of a Maintenance Mechanic (a higher-ranked position designated as "MM7" level and previously known as "MM6" level) at Defendant's San Francisco P&DC Finance Station without receiving a formal promotion to the position.  *Id.* at 4, ¶ 8.  Defendant's management later revoked this assignment and sent Plaintiff back to being a Labor Custodian.  *Id.*

In order to qualify for a position as a Maintenance Mechanic, Plaintiff had required training, passed a test at the end of the training, and satisfied all qualifications to be promoted to the MM6 position.  *Id.* at 4, ¶ 9.  After completing the training program, Plaintiff became eligible not only for the MM6 position, but also for the next-level promotion to Maintenance Mechanic MPE 9 position (previously known as "MPE 8").  *Id.*  Thereafter she submitted a request to update her professional qualifications (called "Knowledge, Skills and Abilities" or "KSAs") in the Promotion Eligibility Register, a database that allows employees to bid for any open positions for which they have the required qualifications.  *Id.*  This update would make her eligible to receive the next promotion to MPE Level 9.  *Id.*  Ed Cuadra, the MSS coordinator for the San Francisco District in charge of Maintenance Craft promotions and who approves all promotion updates, did not respond to Plaintiff's request to update her qualifications.  *Id.*

After Plaintiff filed a grievance on November 9, 2007, Defendant offered her an MM6[2] position with the San Francisco Air Mail Center on January 5, 2008.  *Id.* at 4, ¶¶ 10-11.  Postal Service management officials, including Ed Cuadra, refused to process her request to update her to an MPE 9 level.  *Id.* at 4, ¶ 12.

---

[1] The facts relevant to the analysis of whether Plaintiff fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) are all from the complaint.  Additional facts submitted by the parties are identified by their source and are relevant only to the Postal Service's factual challenge under Rule 12(b)(1) to the court's subject-matter jurisdiction.  *See Savage v. Glendale High School, Dist. No. 205,* 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

[2] Plaintiff refers to the position in different paragraphs as either MM6 or MM7.  The court's citations here mimic Plaintiff's references in her complaint.  According to the complaint, in 2007 the position was designated "MM6," and it is now designated "MM7."  Complaint, ECF No. 1 at 4, ¶ 8.

On March 5, 2008, Plaintiff contacted the agency's internal Equal Employment Opportunity Counselor to initiate a complaint alleging discriminatory denial of promotion and refusal to update her professional qualifications in the Promotion Eligibility Register. *Id.* at 4, ¶ 13. After completing mediation, the parties entered into a settlement agreement on May 6, 2008 with the following terms: (1) Defendant was ordered to schedule a review panel to evaluate Plaintiff's request to have her KSA professional qualifications updated within 30 days, and (2) Plaintiff was retroactively promoted to an MM7 position as of October 19, 2007. *Id.* at 5, ¶ 14. Despite the settlement, Defendant did not adjust Plaintiff's wage rates, bonuses, and benefits to "that level to which she is entitled in accordance with the retroactive promotion." *Id.* at 5, ¶ 15.

The settlement agreement states that "[a]ny alleged breach arising out of the implementation of or compliance with this settlement agreement must be reported in writing to the Manager, EEO Compliance and Appeals, . . . within 30 days of the alleged breach." Exh. 3 to Marlene Yacap Declaration, ECF No. 10 at 14. According to the Postal Service, the agency's EEO counselor never received "any report" from Plaintiff alleging that the Postal Service breached the settlement agreement. *See* Yacap Declaration, ECF No. 10 at 3, ¶ 5. Plaintiff submitted no facts refuting this evidence.

## B. Events in 2009 and Plaintiff's August 2009 EEO Activity

On January 27, 2009, Plaintiff reiterated her request to have her qualifications updated to the MPE 9 level. Complaint, ECF No. 1 at 5, ¶ 16. Based on the terms of the Collective Bargaining Agreement established between the Postal Services and members of the American Postal Workers Union, including Plaintiff, the Postal Service had 37 days from the date of her request – or until March 5, 2009 –  to process her updated qualifications and render a decision. *Id.* at 5, ¶ 17. Defendant did not update Plaintiff's eligibility qualifications until the end of August 2009. *Id.* at 5, ¶ 18. Between January 27, 2009 and the end of August 2009, Plaintiff lodged multiple written grievances to Defendant's management and Cuadra. *Id.* at 6, ¶ 18.

On about August 13, 2009, Plaintiff contacted an EEO counselor to request pre-complaint processing for discrimination and retaliation for Defendant's failure to update her promotion eligibility and corresponding denial of promotion opportunities. *Id.* at 6-7, ¶ 22. She also sought

pre-complaint processing for Defendant's denial of [presumably retroactive] promotion wages and benefits for the 2008 retroactive promotion and refusal to comply with the 2008 settlement agreement. *Id.*

According to the Postal Service, Plaintiff signed her Information for Pre-Complaint Counseling form on August 24, 2009 and her formal EEO complaint on October 28, 2009. Yacap Declaration, ECF No. 10 at 17-19, 21, Exhs. 4 & 5; *see also* Exh. 5, ECF No. 10 at 23 (initiated pre-complaint processing on August 13, 2009). The August 24 form and the October 28 complaint both alleged discrimination and retaliation beginning "on 8/3/09 and Continuing." Exh. 4, ECF No. 10 at 17, and Exh. 5, ECF No. 10 at 21. The August 24 form also stated that Plaintiff repeatedly asked orally and in writing to have her qualifications updated, "including August 3, 2009." Exh. 4, ECF No. 10 at 17. Plaintiff also asserts that she lost wages. *Id.*

According to Plaintiff, the Postal Service "delayed the results of her qualification update . . . until August 31, 2009[, and] Plaintiff's name finally was posted on the [promotion register] . . . on October 6, 2009." Opposition, ECF No. 16 at 16 (citing Exh. F to Lin Declaration, ECF No. 17-6). On April 2 and April 17, 2009, the Postal Service posted two vacant bids for the MP-08 (now the MPE 9) position, and on August 1, 2009, the April 17 bid was awarded to Santiago Villamar (who is outside Plaintiff's protected class) from the promotion register. *Id.* (citing Exh. C, D & E, ECF Nos. 17-3, 17-4, and 17-5).

On October 22, 2009, Plaintiff filed her formal EEO complaint with the Postal Service alleging retaliation for her 2008 EEO activity and discrimination based on race (Asian), national origin (Chinese), and sex (female). Complaint, ECF No. 1 at 2, 7, ¶¶ 3, 23. On November 23, 2009, the agency dismissed her complaint for failure to state a claim. *Id.* at 2, ¶ 3, 14, Exh. A. Plaintiff appealed this decision to the Equal Employment Opportunity Commission (EEOC). *Id.* at 2, ¶ 3.

On appeal to the EEOC, Plaintiff argued in part that as a result of Defendant's failure to update her promotion eligibility, it denied her two specific promotions for positions announced on April 2 and April 17, 2009. *Id.* at 15, Exh. A. In its June 3, 2010 decision affirming the Postal Service's dismissal and issuing the notice of a right to sue, the EEOC stated that Plaintiff had raised the two promotions for the first time on appeal and told Plaintiff to "initiate the EEO complaint process

ORDER C 10-03757 (LB)
5

regarding these matters if she chooses to pursue them further." ECF No. 1 at 2, ¶ 3, and Exh. A, ECF No. 1 at 14-17.  Plaintiff filed the complaint in this case on August 24, 2010.  ECF No. 1.

### III.  LEGAL STANDARDS

**A.  Rule 12(b)(1)**

Dismissal of a claim is appropriate under Federal Rule of Civil Procedure Rule 12(b)(1) when the court lacks subject-matter jurisdiction over the claim.  Federal subject-matter jurisdiction must exist at the time the action is commenced.  *Morongo Band of Mission Indians v. California Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

A Rule 12(b)(1) motion may either attack the sufficiency of the complaint to establish federal jurisdiction (a facial challenge) or allege a lack of jurisdiction that exists despite the formal sufficiency of the complaint (a factual challenge).  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Thornhill Publishing Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  A facial attack asserts lack of federal jurisdiction based on the complaint alone, and the court must "accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs."  *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  By contrast, with a factual challenge, a court need not assume the truth of factual allegations but may hear additional evidence about jurisdiction and resolve factual disputes when necessary.  *See Roberts*, 812 F.2d at 1177 (quotation omitted).  If a defendant challenges jurisdiction by presenting evidence, then the party opposing the motion must present sufficient evidence to support the court's subject-matter jurisdiction.  *See Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

Dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by amendment.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.  Rule 12(b)(6)**

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face.  *See Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

In reviewing a motion to dismiss, courts may consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## IV. DISCUSSION

**A. Claim One: 42 U.S.C. § 1983 Claim Dismissed Because Title VII Provides Sole Remedy**

In her complaint, Plaintiff alleges discrimination during her employment at the United States Postal Service based on her race, sex, national origin, and prior EEO activity in violation of 42 U.S.C. §1983 and Title VII of the Civil Rights Act of 1964.[3] Complaint, ECF No. 1 at 8-10, ¶¶ 30-48. The court dismisses the section 1983 claim because Title VII is Plaintiff's only remedy.

Under section 1983, a plaintiff may sue state officials acting under color of state law for

---

[3] Plaintiff's complaint alleges a violation under "43" U.S.C. § 1983, *see* Complaint, ECF No. 1 at 8*,* but that apparently is a typographical error.

1  violating certain federal constitutional rights, but a plaintiff must sue federal officials acting under
2  color of federal law under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
3  403 U.S. 388, 397 (1971). *See Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th
4  Cir. 1997). But as Defendant argues in the motion to dismiss, Title VII provides a plaintiff with the
5  exclusive judicial remedy for claims of discrimination based on race, sex, religion, or national
6  origin. *See, e.g., Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 835 (1976); *White v. General Serv.*
7  *Admin.*, 652 F.2d 913, 916 (9th Cir. 1981) (Title VII exclusive remedy for claims of discrimination in
8  federal employment); *see also Leong v. Potter*, 347 F.3d 1117, 1122-23 (9th Cir. 2003)
9  (Rehabilitation Act is exclusive remedy for disability discrimination).
10     Plaintiff does not dispute this in her opposition, and the complaint does not raise any factual
11  predicates suggesting that she has a separately actionable constitutional claim against Defendent.
12  *Cf. Otto v. Heckler*, 781 F.2d 754, 757 (9th Cir. 1986) (Title VII does not bar claims based on
13  different factual predicates than those for the Title VII claim). Accordingly, the court dismisses
14  Plaintiff's 42 U.S.C. § 1983 claim with prejudice because her remedy is under Title VII.
15  **B. <u>Claims Two Through Four: Title VII Claims Dismissed Without Prejudice</u>**
16     In claims two through four, Plaintiff claims race, national origin, and sex discrimination because
17  the Postal Service delayed updating her qualifications in its Promotional Eligibility Register.
18  Complaint, ECF No. 1 at 5-6, 15, ¶¶ 16-18. Plaintiff first requested an update on January 12, 2009,
19  and submitted an update on January 27, 2009, but Plaintiff did not receive her updated results until
20  August 31, 2009, which was after she contacted an EEO counselor on August 13, 2009 to request
21  pre-complaint processing of her grievance. *Id.* (She also "sent multiple written grievances" to
22  management from January 27, 2009 until the end of August 2009. *Id.* at 6, ¶ 9.) As a result,
23  Plaintiff alleges, she was denied promotional opportunities, promotion eligibility, and promotion
24  wages and benefits. *Id.* at 7, ¶ 22.
25     The Postal Service asserts two grounds for dismissing the claims: (1) failure to state a claim
26  under Rule 12(b)(6) based on Plaintiff's failure to plead facts supporting all elements of the claims;
27  and (2) lack of subject-matter jurisdiction under Rule 12(b)(1) because Plaintiff did not and cannot
28  now allege specific facts in her EEO complaint about lost job promotions or more favorable

ORDER C 10-03757 (LB)
8

1 treatment of other similarly-situated persons not in her protected class. *See* ECF No. 9. Ordinarily
2 the court addresses jurisdiction first. But here, whether Plaintiff should have alleged specific facts in
3 her EEO complaint depends on whether the facts are needed to support her claim. Accordingly, the
4 court addresses the 12(b)(6) arguments first. The court concludes that Plaintiff did not plead all
5 elements of claims two through four sufficiently and dismisses the claims without prejudice with
6 leave to amend. On this record, the court cannot evaluate whether hypothetical facts that Plaintiff
7 might assert in her amended complaint were included in the EEO complaint (or are reasonably
8 related to it) and thus denies the motion to dismiss for lack of jurisdiction.

**1. Sufficiency of Pleading of Elements of Title VII Claim**

To establish a prima facie case of employment discrimination under Title VII, Plaintiff must prove that (1) she belongs to a protected class, (2) she was qualified for the job (or promotion or other benefit at issue), (3) she was subject to an adverse employment action, and (4) similarly-situated individuals outside her protected class were treated more favorably. *See Leong*, 347 F.3d at 1124 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Though heightened pleading standards are not mandated in Title VII cases, Plaintiff must plead sufficient facts to state the elements of a prima facie case of discrimination. *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (citing *Williams v. Boeing Co.*, 517 F.3d 1120, 1130 (9th Cir. 2008)).

Plaintiff sufficiently alleges facts supporting the first two elements. She alleges that she is a member of a protected class: Asian (race), Chinese (national origin), and female (sex). Complaint, ECF No. 1 at 3, ¶ 7. She also sufficiently alleges that she satisfied the eligibility criteria (meaning, the qualifications) for the promotions that should have been reflected in the Promotional Eligibility Register because she alleges that the Postal Service updated her qualifications in late August 2009. *Id.* at 5, ¶ 18.

As to element three, however, Plaintiff did not allege sufficiently that she was subject to an adverse employment action.

A benefit denied to a plaintiff need not be employment; instead, it need only be a "term, condition, or privilege of employment." *See Hichon v. King & Spaulding*, 467 U.S. 69, 77 (1984)

1  (pension benefits qualify).  For example, denial of a raise or promotion may violate Title VII.  *See*
2  *id.* (denying partnership status); *Breiner v. Nevada Dept. of Corrections*, 610 F.3d 1202, 1208 (9th
3  Cir. 2010) (denying promotion); *Michael v. Caterpillar Fin'l Servs. Corp.*, 496 F.3d 584, 593 (6th
4  Cir. 2007) (discharge, demotion, wage cut, or material loss of benefits); *Alvarado v. Texas Rangers*,
5  492 F.3d 605, 613-14 (5th Cir. 2007) (denying transfer that has effect of demotion or denial of
6  promotion); *Hunt v. City of Markham, Ill.*, 219 F.3d 649, 654 (7th Cir. 2000); *Boone v. Goldin*, 178
7  F.3d 253, 256-57 (4th Cir. 1999) (denying or materially delaying a promotion).  Similarly, lack of
8  notice of a promotional opportunity to qualifying employees can be an adverse employment action.
9  *See Dews v. A.B. Dick Co.,* 231 F.3d 1016, 1022 (6th Cir. 2003) (employer has duty to consider all
10 those who might be reasonably interested were its availability generally known); *Carmichael v.*
11 *Birmingham Saw Works*, 738 F.2d 1126, 1132-33 (11th Cir. 1984).

12  Also, discrimination related to job training, classification, or assignment can be an adverse
13 employment action.  Limiting, classifying, or segregating employees is prohibited when the effect is
14 to (a) deprive or tend to deprive the employees of employment opportunities or (b) adversely affect
15 their employment or potential employment status.  42 U.S.C. § 2000e-2(a)(2).  Similarly, limiting
16 admission to or employment in apprenticeship programs or other job training programs is prohibited
17 if based on discriminatory motives.  42 U.S.C. § 2000e-2(d); *see Maalik v. Int'l Union of Elevator*
18 *Constructors, Local 2*, 437 F.3d 650, 653 (7th Cir. 2006) (senior union member's discriminatory
19 refusal to train new member).

20  The issue here is whether placement on a *qualifications list* that might lead to advancement is an
21 adverse employment action absent something more, like loss of an opportunity to apply for a
22 particular job.  The court concludes that mere delay in updating qualifications – standing alone –
23 does not establish an adverse employment action at the pleading stage.  Plaintiff must show that the
24 adverse employment action  "materially affect[ed] the compensation, terms, conditions, or privileges
25 of . . . employment."  *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (quoting *Chuang*
26 *v. Univ. of Cal., Davis*, 225 F.3d 1115, 1126 (9th Cir. 2000)).  Put another way, the employment
27 action must result in a harm that matters, like a lost job, promotion, training, or other benefit.  The
28 cases in the previous paragraphs all support this conclusion.  *Cf. Jackson v. Bd. of Equalization*, No.

1  C 09-1387, 2010 WL 3733983, at *8-*9 (E.D. Cal. Sept. 20, 2010) (addressing delay in context of

2  retaliation claim; delay in responding to inquiries about status of discrimination complaint by Board

3  of Equalization in and of itself does not establish an adverse employment action because it was not

4  reasonably likely to deter protected activity).

5  Plaintiff does not argue to the contrary in her opposition, arguing only that the court has

6  "jurisdiction over all promotions that were lost as a direct result of the Postal Service's refusal to

7  update Plaintiff's Promotional Eligibility Qualifications during the pendency of the violation."

8  Opposition, ECF No. 16 at 10.  Plaintiff confirmed this at oral argument.

9  In her complaint, Plaintiff alleges only a delay in processing her qualifications, makes a

10  conclusory assertion that she was denied "promotion opportunities," and does not allege facts

11  showing a material effect on her (such as a denial of a promotion).  *See* ECF No. 1 at at 6-7, ¶ 22.

12  That is not sufficient to establish an adverse employment action at the pleading stage.

13  Plaintiff nonetheless argues in her opposition that the Postal Service's failure to update her

14  promotional eligibility resulted in the loss of two promotions posted on April 2 and April 17, 2009.

15  Opposition, ECF No. 16 at 18-19 (citing Exhs. C and D, ECF Nos. 17-3 and 17-4); *see* ECF No. 1 at

16  15 (EEOC decision attached to complaint references Plaintiff's raising these two postings for the

17  first time on appeal).  She also argues that the Postal Service awarded one of the promotions to

18  Santiago Villamar, an individual outside Plaintiff's protected class.  Opposition, ECF No. 16 at 19

19  (citing Exh. E, ECF No. 17-5).

20  Even assuming the court should read the EEOC decision's fact summary into the complaint, *see*

21  *Parks School of Business,* 51 F.3d at 1484, Plaintiff did not allege element four of her claims

22  sufficiently because she did not allege that a similarly-situated individual outside her protected class

23  was treated more favorably.

24  In sum, Plaintiff did not allege the elements of claims two through four sufficiently but possibly

25  can cure the deficiencies in an amended complaint.

26  **2. Sufficiency of Allegations Raised in EEO Complaint and Rule 12(b)(1)**

27  The Postal Service nonetheless argues that Plaintiff's second, third, and fourth claims should be

28  dismissed with prejudice because she failed to include facts in her EEO complaint establishing an

ORDER C 10-03757 (LB)
11

1 adverse employment action or a similarly-situated person outside her protected class who was
2 treated more favorably. As a result, the Postal Service argues, the court lacks subject-matter
3 jurisdiction. Motion to Dismiss, ECF No. 9 at 16-21. On this record, the court cannot reach that
4 conclusion and denies the motion to dismiss for lack of jurisdiction.

5 Title VII actions by federal employees are governed by 42 U.S.C. § 2000e-16. An employee
6 must exhaust administrative remedies with her agency within the time limits specified in EEOC
7 regulations. The plaintiff must make a complaint to an EEO counselor within 45 days of the alleged
8 discrimination, which is the pre-complaint process, and then file a written complaint with the agency
9 within 15 days of the final interview with the EEO counselor. 29 C.F.R. §§ 1614.105(a), .106(b). If
10 the plaintiff takes the case to the EEOC, the plaintiff must file the complaint with the EEOC within
11 30 days of the agency's final decision. *Id.* § 1614.402(a). When, as here, the EEOC issues a final
12 decision, the plaintiff has 90 days from the EEOC's decision to file an action in federal court. 42
13 U.S.C. § 200e-16(c); 29 C.F.R. § 1614.408.

14 Generally a federal court may not consider allegations outside the administrative complaint. *See*
15 *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). Substantial compliance
16 with the requirement that discrimination complaints must be presented to the appropriate agency is a
17 jurisdictional prerequisite. *Sommantino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001). The
18 time limits themselves are not jurisdictional but are subject to equitable tolling, just like claims
19 against private employers. *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 93-96 (1990).

20 According to Defendant, it is apparent facially from the complaint, which attaches the EEOC
21 decision, that Plaintiff failed to allege in her EEO complaint the specific promotions that she did not
22 receive based on Defendant's failure to update her qualifications on the Promotion Eligibility
23 Register. Opposition, ECF No. 9 at 18; *see* ECF No. 1 at 15 (EEOC decision notes that Plaintiff
24 identified specific promotions posted in April 2009 for the first time on appeal to the EEOC and
25 advised her to initiate the EEO complaint process with the Postal Service regarding these matters if
26 she chose to investigate them further).

27 Defendant also offers additional facts that it says demonstrates lack of jurisdiction. The only
28 possible adverse employment actions that plaintiff could allege in an amended federal complaint are

the two job postings in April 2009. Motion, ECF No. 9 at 18-19 (citing Exh. 4 to Yacap Declaration). Each posting is a separate adverse employment act that required a separate EEO complaint. *Id.* at 19-20. Plaintiff should have raised them in a pre-complaint process to an EEO counselor within 45 days of the acts and then in a subsequent written complaint to the agency. *See id.*; 29 C.F.R. §§ 1614.105(a), .106(b). She did not, and they would be untimely now. Similarly, the information form filed on August 24, 2009 did not describe the positions denied to her or persons wrongfully promoted ahead of her, and her formal EEO complaint did not identify other employee promotions. Yacap Declaration, Exh. 4 at 1 and Exh. 5. Thus, according to Defendant, the only possible adverse employment actions and possible employee promotions were not timely raised in the EEO complaint process.

The issue here is whether these allegations (which Defendant assumes would be the allegations in Plaintiff's hypothetical amended complaint) are reasonably related to the allegations that Plaintiff actually made in her EEO complaint. *See* Plaintiff's Opposition, ECF No. 16 at 17 (allegations that she lost two promotions, one of which Defendant awarded to Santiago Villamar, falls within the scope of her EEO complaint); *Freeman*, 291 F.3d at 637. That inquiry requires the court to compare factual allegations in the federal complaint (which here is a hypothetical amended complaint) with the factual allegations in the EEO complaint to determine whether they are reasonably related. *See Freeman*, 291 F.3d at 637. The court must decide whether the allegations not included in the original charge would have fallen "within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *See EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) (internal quotation marks omitted) (emphasis in original). To make this determination, courts should consider (1) the alleged basis of discrimination, (2) the dates of discriminatory acts specified within the charge, (3) perpetrators of discrimination named in the charge, and (4) locations at which discrimination is alleged to have occurred. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002). Additionally, "the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." *Id.* Courts must construe the initial EEO charge "with the utmost liberality." *Farmer Bros.*, 31 F.3d at

899 (internal quotation marks and citation omitted).

Boiled down, the issue is whether Plaintiff could amend her complaint to allege facts that are like or reasonably related to the factual allegations actually in the EEO complaint. If she can, then the court has subject-matter jurisdiction. *See B.K.B.*, 276 F.3d at 1099.

Based on this record, a hypothetical amended complaint that may or may not include facts that may or may not establish the court's jurisdiction, and Rule 15(a)'s liberal amendment provisions, *see Eminence Capital*, 316 F.3d at 105, the court cannot conclude that Plaintiff's claims should be dismissed now with prejudice for lack of subject-matter jurisdiction. The court thus dismisses the claims with leave to amend and will evaluate any jurisdictional challenges based on the factual allegations that Plaintiff actually pleads in an amended federal complaint.

Any revised complaint should not be based on Plaintiff's theory that Defendant's ongoing failure to update her promotion eligibility was an ongoing and continuing violation. *See* Opposition, ECF No. 16 at 15-18. Instead, her claims must be based on discrete acts (such as the job opening that may have been open until August 2009). *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-14 (2002). Old and new discrete acts cannot be combined into a single "continuing violation" to avoid the administrative filing requirements with the agency. *See id.* at 112. Those earlier acts and the employer's knowledge of them may be admissible as background evidence in support of a timely claim. *See id.*

### C. **Claim Five: Title VII Retaliation Claim Dismissed Without Prejudice**

In claim five, Plaintiff claims retaliation for her prior EEO activity in violation of Title VII based on the Postal Service's (1) delay in updating her employment qualifications, and (2) failure to abide by a May 2008 settlement of a 2008 EEO complaint. *See* ECF No. 1 at 10. The court dismisses the claim (1) without prejudice to the extent that it is based on the delay based on Plaintiff's insufficient allegation of some of the elements of a retaliation claim and (2) with prejudice to the extent that is based on the settlement agreement because Plaintiff did not comply with the administrative procedures that are a prerequisite for review in federal court.

To establish a prima facie case of retaliation under Title VII, Plaintiff must prove that (1) she engaged in a protected activity, (2) she suffered an adverse employment decision, and (3) there was

1  a causal link between the protected activity and the adverse employment decision. *See Villiarimo v.*
2  *Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).

3  As to element one, an employee's formal or informal complaints to a supervisor regarding
4  unlawful discrimination is "protected activity," and it is immaterial whether the complaints are well-
5  founded. *See Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506-07 (9th
6  Cir. 2000).

7  As to element two, for purposes of a retaliation claim, a "materially adverse employment
8  decision" is one that would dissuade a reasonable worker from exercising protected rights, which is
9  a lower standard than that required for a Title VII discrimination claim. *See Burlington Northern &*
10 *Santa Fe Ry. Co.*, 548 U.S. 53, 68 (2006); *Michael v. Caterpillar Fin'l Servs. Corp.*, 496 F.3d at
11 595. Whether an employer's action is materially adverse depends on the circumstances. For
12 example, a change in a work schedule may matter little to some employees and materially to a parent
13 with school-aged children. *See Burlington Northern*, 548 U.S. at 69. A supervisor's failure to invite
14 a subordinate to lunch may be petty and trivial, or it might be an exclusion from a weekly training
15 lunch that contributes to the employee's professional development. *See id.* What matters is whether
16 it might dissuade a reasonable employee from complaining about discrimination. *See id.; Boone*,
17 178 F.3d at 256-57 (denying or materially delaying a promotion is a materially-adverse employment
18 decision).

19 As to element three, a plaintiff may establish a causal link between the protected activity and the
20 adverse action by circumstantial knowledge, including the employer's knowledge of the protected
21 activity and a proximity in time between the protected action and the adverse employment act. *See*
22 *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988); *Passantino*, 212 F.3d at 507 ("when adverse
23 decisions are taken within a reasonable period of time after complaints of discrimination are made,
24 retaliatory intent may be inferred").

25 **1. Retaliation Regarding Defendant's Failure To Update Plaintiff's Promotion Eligibility**
26 Plaintiff alleges that the Postal Service retaliated against her by failing to update her promotion
27 eligibility in a timely manner. Complaint, ECF No. 1 at 5-6, ¶ 18. Plaintiff pleaded sufficient facts
28 that she engaged in a protected activity, but she pleaded insufficient facts about why the delay would

1 dissuade a reasonable employee from exercising protected rights or about the causal link between
2 the protected activity and the adverse employment action. The court dismisses Plaintiff's fifth claim
3 (to the extent it is based on the delay) without prejudice and with leave to amend.

**2. Retaliation By Not Abiding By Terms of 2008 Settlement Agreement**

In 2007 and 2008, Plaintiff complained about the Postal Service's denying her a promotion and refusing to update her qualifications. Complaint, ECF No. 1 at 4, ¶¶ 10-12. After she contacted the agency's EEO counselor on March 5, 2008, the parties reached a settlement agreement on May 6, 2008 where the Postal Service agreed to (a) schedule a review panel to update Plaintiff's promotion eligibility within 30 days and (b) retroactively advance Plaintiff's promotion to MM7 to October 19, 2007. *Id.* at 4-5, ¶¶ 13-14. Plaintiff now alleges that Defendant failed to abide by the terms of the settlement agreement in retaliation for her prior 2008 EEO activity. *Id.* at 3-5, ¶¶ 8-15.

To raise a claim that the Postal Service violated the terms of a settlement agreement, a complainant must first "notify the [agency's] EEO Director, in writing, of the alleged noncompliance within 30 days of when the [employee] knew or should have known of the alleged noncompliance." 29 C.F.R. § 1614.504(a). If the agency's EEO director does not respond or if the complainant is unhappy with the agency's resolution of the matter, the complainant may appeal to the EEOC for a decision about whether the agency has complied with the terms of the settlement agreement. *See Davis v. Secretary of Treasury*, 896 F. Supp. 978, 981 (N.D. Cal. 1995) (citation omitted). Failure to seek the mandatory review required by the C.F.R. bars review in federal court. *See id.*

The first line of text of the settlement agreement advised Plaintiff of the requirement that she must report any breach of the settlement agreement in writing to the agency's manager of EEO compliance and appeals within 30 days of the alleged breach. Exh. 3 to Yacap Declaration, ECF No. 10 at 14. According to Defendant, the agency's EEO counselor never received "any report" from Plaintiff alleging that the Postal Service breached the settlement agreement. *See* Yacap Declaration, ECF No. 20 at 3, ¶ 5. In her opposition, Plaintiff does not dispute this and presents no evidence supporting subject-matter jurisdiction. *See Roberts*, 812 F.2d at 1177. Plaintiff conceded her failure to follow this administrative process at the motion hearing.

1    Instead, in her opposition, Plaintiff argues only that Defendant's failure to abide by the terms of
2 the settlement agreement is an ongoing and continuing violation. Opposition, ECF No. 16 at 14.
3 The court rejects this argument for the reasons stated in the previous section. Claims must be based
4 on discrete acts, and old and new discrete acts cannot be bundled into a single "continuing violation"
5 to avoid the timing requirements of administrative remedies. *See National R.R. Passenger Corp.*,
6 536 U.S. at 110, 112, 113-14. Again, earlier acts and the employer's knowledge of them may be
7 admissible as background evidence in support of a timely claim. *See id.*
8    In sum, the court lacks subject-matter jurisdiction and dismisses claim five with prejudice to the
9 extent that it is based on the breach of the settlement agreement. *See B.K.B.*, 276 F.3d at 1099.

### D. Claim Six: Contract Breach Claim Dismissed Without Prejudice

11   In her sixth claim, Plaintiff alleges that by delaying the update of her qualifications in the
12 promotion register from January 27, 2009, to August 31, 2009, Defendant breached the terms of the
13 parties' collective bargaining agreement giving Defendant 37 days from the date of her request – or
14 until March 5, 2009 –  to process her updated qualifications and render a decision. Complaint, ECF
15 No. 1 at 5, ¶¶ 16-18.
16   The Postal Service argues that to the extent that Plaintiff's claim incorporates by reference her
17 allegations about discrimination, her sole remedy for the discrimination – just like the section
18 1983/*Bivens* claim – is Title VII. *See* Reply, ECF No. 19 at 2-3 (citing *White*, 652 F.2d at 916 and
19 *Lee v. Potter*, No. C 07-254, 2008 WL 4449568 (N.D. Cal. Oct. 1, 2008)); *Nolan v. Cleland*, 686
20 F.2d 806, 815 (9th Cir. 1982); *Arnold v. United States*, 816 F.2d 1306, 1311 (9th Cir. 1987).
21   But Plaintiff may have a separate contract claim based solely on the collective bargaining
22 agreement's timing provisions. The agreement has a binding procedure for resolving grievances,
23 and Plaintiff must exhaust that process before filing any federal action. *See Bowen v. United States*
24 *Postal Serv.*, 459 U.S. 212, 220-22 (1983). According to Defendant, Plaintiff has filed a grievance
25 and has not yet exhausted the grievance procedure. Reply, ECF No. 19 at 4 (citing Declaration of
26 Adam Alvarez, ECF No. 20 at 2, ¶¶ 2-3). Plaintiff did not dispute this at the motion hearing.
27   Given these circumstances, and without objection from Plaintiff at the motion hearing, the court
28 dismisses the claim without prejudice for failure to exhaust the mandatory grievance procedures.

1  Also, because Defendant addressed the collective bargaining claim directly only in its reply brief,
2  the entire claim is dismissed without prejudice and with leave to amend.  It is not clear from this
3  record that Plaintiff necessarily was making a discrimination claim merely by incorporating prior
4  allegations by reference.  If Plaintiff does cast the claim as a discrimination claim in an amended
5  complaint, the court can address the argument that Title VII is the exclusive remedy at the hearing
6  on the motion to dismiss.

**E. Punitive Damages**

Title VII exempts government entities from punitive damages awards.  *See* 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision)"); *Silver v. United States Postal Serv.*, 951 F.2d 1033, 1036 (9th Cir. 1991).  Plaintiff did not contest this in her opposition and conceded it at the motion hearing. The court grants the Postal Service's motion to strike the request for punitive damages.

## V.  CONCLUSION

The court dismisses the complaint entirely and strikes the request for punitive damages.

Claim one alleging a violation of 42 U.S.C. § 1983 is dismissed with prejudice.

Claims two through four alleging discrimination in violation of Title VII are dismissed without prejudice.

Claim five alleging retaliation is dismissed without prejudice to the extent that it is based on delay in updating Plaintiff's promotional qualifications and with prejudice based on the claim of non-compliance with the settlement agreement.

Claim six is dismissed without prejudice.

This disposes of ECF No. 9.

**IT IS SO ORDERED.**

Dated: January 22, 2011

_____
LAUREL BEELER
United States Magistrate Judge