UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| XING XING LIN, | No. C 10-03757 LB |
|             Plaintiff, | **ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | [ECF No. 35] |
|             Defendant. | |
| _____/ | |

## I. INTRODUCTION

On February 8, 2011, Plaintiff Xing Xing Lin filed a first amended complaint alleging that her employer, Defendant United States Postal Service, discriminated against her based on race, national origin, and sex by delaying updating her qualifications in a register used to evaluate eligibility for promotions and thus denying her promotions, in violation of Title VII of the Civil Rights Act of 1964. *See* First Amended Complaint, ECF No. 30 at 12-13, ¶¶ 48-59.[1] Ms. Lin also claims that the Postal Service retaliated against her for prior EEO activity by the delay and denial of promotions. *See id.* at 14, ¶¶ 60-62.

The Postal Service moved to dismiss the first amended complaint for failure to state a claim and

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

for lack of subject-matter jurisdiction based on Ms. Lin's failure to include facts in her EEO complaint establishing elements of her discrimination claims. Motion to Dismiss, ECF No. 35.

Because Ms. Lin's claims are reasonably related to her EEO complaint, this court has subject-matter jurisdiction over the claims contained in her first amended complaint. In addition, because Ms. Lin timely initiated the EEO process, her claims are not time-barred.

As to claims one, two, and three alleging discrimination based on race, national origin, and sex in violation of Title VII, the court dismisses the claims for failure to state a claim under Rule 12(b)(6). Ms. Lin pleaded insufficient facts regarding whether a similarly-situated individual outside her protected class was treated more favorably.

As to claim four alleging retaliation for her 2008 EEO activity, the court dismisses the claim for failure to state a claim under Rule 12(b)(6). Ms. Lin did not plead sufficient facts regarding the causal link between the adverse employment action and the protected activity.

Because Ms. Lin may be able to amend her complaint to plead sufficient facts regarding all four claims, the court grants her leave to amend.

## II. BACKGROUND

### A. The Postal Service's Promotion System

Ms. Lin is a Chinese female employee of the United States Postal Service. FAC, ECF No. 30 at , ¶ 8.[2] Her employment is subject to a Collective Bargaining Agreement between the American Postal Workers Union and the Postal Service. *Id.* at ¶ 9; ECF No. 30-3 at 1, Exh. C. The Agreement mandates that when maintenance craft employees such as Ms. Lin request an update of their qualifications in a database maintained by the Postal Service called the Promotion Eligibility Register, management has 37 calendar days from the date of the update request to "complete the process and have results back in the office and notify the employee." *Id.* When an employee wants a promotion, management must first update her knowledge, skills, and abilities before the Postal

---

[2] The facts relevant to the analysis of whether Ms. Lin fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) are all from the complaint. Additional facts submitted by the parties are identified by their source and are relevant only to the Postal Service's factual challenge under Rule 12(b)(1) to the court's subject-matter jurisdiction. *See Savage v. Glendale High School, Dist. No. 205,* 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

C 10-03757 LB
ORDER DISMISSING PLAINTIFF'S FAC
2

Service can place her on the Promotion Eligibility Register for the next level promotion. *Id.* at ¶ 10. The Postal Service, according to the terms of the Collective Bargaining Agreement, grants all promotions in accordance with this register system, which is primarily a seniority-based system. *Id.* at 11.

When the Postal Service has a vacant or newly-established duty assignment, the collective bargaining agreement requires that it post the vacancy for seven days along with a notice of intent that it will fill the vacancy using the preferred assignment register or the promotion eligibility register. *Id.* at 4-5, ¶ 12; ECF No. 30-2 at 3, Exh. B. The preferred assignment selection register lets employees specify in numerical order which assignments they would prefer over their current assignments. *Id.* ECF No. 30-2 at 4, Exh. B. The Postal Service must offer the vacancy to employees in the following order.

First, the Postal Service must offer newly established or vacant duty assignments to the most senior employees from the appropriate preferred assignment register. *Id.* at 4, § 5. Second, the Postal Service must offer the position to a part-time employee who has submitted a preferred assignment form for a full-time position within his or her current salary level and occupational group. *Id.* at 5. Third, if the Postal Service cannot fill the vacancy from within the salary level or occupational group, it must consider giving the position to a higher-level qualified employee who previously submitted a written request for assignment to a lower level. *Id.* Finally, the collective bargaining agreement states, "Where a vacant or newly established duty assignment cannot be filled from an established preferred assignment register, and the assignment is to be filled by means of a promotion, selection shall be made from the appropriate eligibility register." *Id.* at 4. In short, if the Postal Service is unable to fill a vacancy using the first three methods, only then can it promote someone from the Promotion Eligibility Register. *Id.*

**B. Ms. Lin's 2007 and 2008 EEO Activity And Settlement**

The Postal Service initially hired Ms. Lin as a Labor Custodian on January 21, 2006. *Id.* at 5, ¶ 15. On about January 24, 2007, the Postal Service added Ms. Lin's name to the Maintenance Mechanic Promotion Eligibility Register. *Id.* Starting on February 26, 2007, Ms. Lin began performing the tasks of a Maintenance Mechanic (a higher-ranked position designated as "MM7"

level and previously known as "MM6" level) at the Postal Service's San Francisco P&DC Finance Station without receiving a formal promotion to the position. *Id.* The Postal Service's management later revoked this assignment and sent Ms. Lin back to being a Labor Custodian. *Id.*

In order to qualify for a position as a Maintenance Mechanic, Ms. Lin had required training, passed a test at the end of the training, and satisfied all qualifications to be promoted to the MM7 position. *Id.* at 5, ¶ 16. After completing the training program, Ms. Lin became eligible not only for the MM7 position, but also for the next-level promotion to the Maintenance Mechanic MPE 9 position (previously known as "MPE 8"). *Id.* at 5-6, ¶ 16. Thereafter, on October 19, 2007, she submitted a request to update her professional qualifications (called "Knowledge, Skills and Abilities" or "KSAs") in the Promotion Eligibility Register. *Id.* at 6, ¶ 16. This update would make her eligible to receive the next promotion to MPE 9. *Id.* Ed Cuadra, the MSS coordinator for the San Francisco District in charge of Maintenance Craft promotions and who approves all promotion updates, did not respond to Ms. Lin's request to update her qualifications. *Id.*

After Ms. Lin filed a grievance on November 9, 2007, the Postal Service offered her an MM7 position with the San Francisco Air Mail Center on January 5, 2008. *Id.* at 6, ¶¶ 17-18.

On March 5, 2008, Ms. Lin contacted the agency's internal Equal Employment Opportunity Counselor to initiate a complaint alleging a discriminatory denial of promotion and refusal to update her professional qualifications in the Promotion Eligibility Register. *Id.* at 6, ¶ 19. In that complaint, Ms. Lin alleged that Ed Cuadra had refused to process her qualification updates because of her national origin (Chinese) and sex (female). *Id.*, ECF No. 41 at 1, Exh. D.

After completing mediation, the parties entered into a settlement agreement on May 6, 2008 with the following terms: (1) the Postal Service was ordered to schedule a review panel to evaluate Ms. Lin's request to have her KSA professional qualifications updated within 30 days; and (2) Ms. Lin was retroactively promoted to an MM7 position as of October 19, 2007. *Id.* at 6, ¶ 20. Despite the settlement, the Postal Service did not adjust Ms. Lin's wage rates, bonuses, and benefits to "that level to which she is entitled in accordance with the retroactive promotion." *Id.* at 6, ¶ 21.

**C. Events in 2009 and Ms. Lin's August 2009 EEO Activity**

On January 27, 2009, Ms. Lin asked Ed Cuadra to have her qualifications updated to the MPE 9

1  level. *Id.* at 7, ¶ 22. Based on the terms of the Collective Bargaining Agreement, the Postal Service
2  had 37 days from the date of her request – or until March 5, 2009 – to process her updated
3  qualifications and render a decision. *Id.* at ¶ 23. Ed Cuadra refused to update Ms. Lin's eligibility
4  qualifications. *Id.* at 7, ¶ 24. On August 31, 2009, the Postal Service notified Ms. Lin by mail about
5  the response to her update request, and on October 6, 2009, it updated her qualifications and placed
6  her on the MPE 9 Promotion Eligibility Register. *Id.* at 7, ¶¶ 25, 26.

7  On April 2, 2009, the Postal Service posted an MPE 9 vacant duty assignment intending to fill
8  the vacancy from the preferred assignment register. *Id.* at 8, ¶ 28; ECF No. 30-7 at 1, Exh. G. No
9  employee on the preferred assignment register bid for the vacancy. *Id.*

10  On April 17, 2009, the Postal Service posted another MPE 9 vacancy intending to fill it from the
11  preferred assignment register. *Id.* at ¶ 29; ECF No. 30-8 at 1, Exh. H. No employee on the preferred
12  assignment register bid for the vacancy. *Id.* On about August 1, 2009, the Postal Service awarded
13  the April 17, 2009 vacancy to Santiago Villamar. *Id.* at ¶ 31; ECF No. 30-9 at 1, Exh. I. Ms. Lin
14  does not claim that the Postal Service wrongfully awarded this vacancy to Mr. Villamar. *Id.* at 11, ¶
15  43. (As she clarified at oral argument, part of the relevance is an illustration of how the promotion
16  process is supposed to work, as opposed to what she alleges happened to her.)

17  On about August 13, 2009, Ms. Lin contacted an EEO counselor to request pre-complaint
18  processing for discrimination and retaliation for the Postal Service's failure to update her promotion
19  eligibility and corresponding denial of promotion opportunities. *Id.*, ECF No. 41 at 4, Exh. J. The
20  pre-complaint alleged that J. Abeyta, R. Wills, and Ed Cuadra, among others, discriminated against
21  her because of her race (Asian), national origin (Chinese), and sex (female). *Id.* She also sought
22  pre-complaint processing for the Postal Service's denial of [presumably retroactive] promotion
23  wages and benefits for the 2008 retroactive promotion and refusal to comply with the 2008
24  settlement agreement. *Id.* She alleged that the discriminatory conduct began on August 3, 2009 on a
25  continuing basis at the "MGR San Francisco AMC, BLDG 660 W Field Rd." *Id.*

26  In late August 2009, the Postal Service notified Ms. Lin about its response to her update request,
27  and on October 6, 2009, it updated her qualifications and placed her on the MPE 9 Promotion
28  Eligibility Register. *Id.* at 7, ¶¶ 25, 26. At that time, Ms. Lin was on the top of the MPE 9 register.

*Id.* at 10, ¶ 40; ECF No. 30-6 at 1, Exh. F.[3]  Ms. Lin claims that the Postal Service should have activated her MPE 9 promotion eligibility when it received her qualifying updated test score on about August 31, 2009.  *Id.*  On October 10, 2009, four days after it placed her on the Promotion Eligibility Register, the Postal Service awarded the April 2, 2009 vacancy to Willie Mata, an individual who was not on the promotion eligibility register and therefore, Ms. Lin claims, was not qualified to receive the promotion.  *Id.* at 11, ¶¶ 42-43.

Ms. Lin signed a formal EEO Complaint of Discrimination on October 28, 2009 alleging that Ed Cuadra, Carol Croteau, and Jack Abeyta discriminated against her because of her race (Asian), national origin (Chinese), and sex (female) by failing to update her promotion eligibility and therefore, denying her "promotion opportunities."  *Id.*, ECF No. 41 at 7, Exh. K.  Ms. Lin alleged that the discrimination occurred at the San Francisco AMC (Air Mail Center) and began on August 3, 2009 on a continuing basis.  *Id.*  Ms. Lin also claimed that the Postal Service retaliated against her for her EEO activity.  *Id.*  On November 23, 2009, the agency dismissed her complaint for failure to state a claim.  *Id.* at 9, ¶ 36; ECF No. 30-12 at 1-5, Exh. L.  The agency stated that "due to downsizing, the Postal Service has not had any vacant positions to fill" and thus, Ms. Lin had not actually suffered a harm.  *Id.*, ECF No. 30-12 at 2, Exh. L.

Ms. Lin appealed this decision to the Equal Employment Opportunity Commission (EEOC).  *Id.* at 10, ¶ 37; ECF No. 30-1 at 1-4, Exh. A.  On appeal to the EEOC, Ms. Lin argued in part that as a result of the Postal Service's failure to update her promotion eligibility, it denied her the April 2 and April 17, 2009 promotions.  *Id.* at 2.  In its June 3, 2010 decision affirming the Postal Service's dismissal and issuing the notice of a right to sue, the EEOC stated that Ms. Lin had raised the two promotions for the first time on appeal and told Ms. Lin to "initiate the EEO complaint process regarding these matters if she chooses to pursue them further."  *Id.*  Ms. Lin filed the complaint in this case on August 24, 2010.  Complaint, ECF No. 1.

---

[3] The Postal Service argues that, due to an error, Ms. Lin was listed before Rodelio Perez on the Promotion Eligibility Register.  Motion to Dismiss, ECF No. 35 at 13-14 n.5.  Those facts may be true and may be relevant to a summary judgment motion, but the court does not consider them when evaluating a motion to dismiss for failure to state a claim.

### D. Procedural History

The Postal Service filed a motion to dismiss Ms. Lin's initial complaint on November 30, 2010. ECF No. 9. The court heard oral argument on that motion on January 20, 2011 and granted in part and denied in part the Postal Service's motion to dismiss on January 22, 2011. 1/22/11 Order, ECF No. 27. The court gave Ms. Lin leave to amend. *Id.*

On February 8, 2011, Ms. Lin filed a first amended complaint. ECF No. 30. The Postal Service filed a motion to dismiss Ms. Lin's first amended complaint on March 17, 2011. ECF No. 35. The court heard oral argument on the Postal Service's motion on April 21, 2011.

## III.  LEGAL STANDARDS

### A. Rule 12(b)(1)

Dismissal of a claim is appropriate under Federal Rule of Civil Procedure Rule 12(b)(1) when the court lacks subject-matter jurisdiction over the claim. Federal subject-matter jurisdiction must exist at the time the action is commenced. *Morongo Band of Mission Indians v. California Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

A Rule 12(b)(1) motion may either attack the sufficiency of the complaint to establish federal jurisdiction (a facial challenge) or allege a lack of jurisdiction that exists despite the formal sufficiency of the complaint (a factual challenge). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Thornhill Publishing Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). A facial attack asserts lack of federal jurisdiction based on the complaint alone, and the court must "accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs." *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). By contrast, with a factual challenge, a court need not assume the truth of factual allegations but may hear additional evidence about jurisdiction and resolve factual disputes when necessary. *See Roberts*, 812 F.2d at 1177 (quotation omitted). If a defendant challenges jurisdiction by presenting evidence, then the party opposing the motion must present sufficient evidence to support the court's subject-matter jurisdiction. *See Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

1  Dismissal of a complaint without leave to amend should only be granted where the jurisdictional
2  defect cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052
3  (9th Cir. 2003).

## B. Rule 12(b)(6)

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

In reviewing a motion to dismiss, courts may consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## IV. DISCUSSION

Plaintiff alleges race, national origin, and sex discrimination because the Postal Service delayed updating her qualifications in its promotional eligibility, thereby denying her promotion

1  opportunities, promotion eligibility, and promotion wages and benefits. The Postal Service asserts
2  two grounds for dismissing the claims: lack of subject matter jurisdiction under Federal Rule of
3  Civil Procedure 12(b)(1), and failure to state a claim under Rule 12(b)(6).

4  **A. <u>Lack of Subject Matter Jurisdiction</u>**

5  The Postal Service argues that the court lacks subject-matter jurisdiction to hear Ms. Lin's
6  claims because (1) she failed to allege the specific promotions that she was denied in her EEO
7  complaint, and (2) she did not exhaust her administrative remedies when she failed to timely initiate
8  the EEO administrative process. Motion to Dismiss, ECF No. 35 at 17-19.

9  More specifically, the government asserts that Ms. Lin's EEO complaint did not refer to specific
10 job postings (and allegedly lost promotions) on April 2 and April 17, 2009 (or the loss of any other
11 specific material employment benefit) and therefore, she failed to exhaust her administrative
12 remedies. *Id.* at 19. Also, she knew of the April 2, 2009 job posting on that date and therefore had
13 until May 17, 2009 to initiate the EEO pre-complaint process, but waited until August 2009 (a
14 period outside the 45-day limit). *Id.* The Postal Service further argues that even if the relevant
15 discriminatory act was October 10, 2010 (the date it awarded the position to Mr. Mata) instead of the
16 job posting date of April 2, 2009, Ms. Lin's August 13, 2009 initiation was premature because the
17 Postal Service had not yet filled the position, and Ms. Lin had not yet suffered any harm. *Id.* In
18 essence, the Postal Service claims that Ms. Lin either initiated the EEO process late (after the 45-day
19 limitation period that follows the April 2, 2009 alleged discriminatory act) or initiated the EEO
20 process prematurely (before the October 10, 2010 allegedly discriminatory act). In either instance,
21 the Postal Service asserts that Ms. Lin has failed to exhaust her administrative remedies and
22 therefore, the court does not have subject-matter jurisdiction over her claims. *Id.* at 20.

23 Ms. Lin responded that even though her EEO complaint did not include specific references to the
24 April 2 and April 17, 2009 vacancies, this information is reasonably related to the claims she
25 asserted in the EEO complaint and therefore, she exhausted her administrative remedies.
26 Opposition, ECF No. 37 at 12-16. As a result, according to Ms. Lin, the court has subject-matter
27 jurisdiction. *Id.*

28 Two issues are at play in this case, either of which could result in dismissal of Ms. Lin's first

amended complaint. First, the court must decide whether it has subject-matter jurisdiction to hear Ms. Lin's claims even though she did not specifically allege them in her EEO complaint. To do this, the court must determine whether the factual allegations in her first amended complaint are reasonably related to the factual allegations in her EEO complaint.

Second, if the court has subject-matter jurisdiction, it must determine whether Ms. Lin timely initiated the EEO administrative process and thus, whether her claims are time-barred. Whether Ms. Lin timely initiated the EEO process is not a jurisdictional prerequisite. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 93-96 (1990). Nonetheless, if Ms. Lin failed to timely initiate the administrative process, dismissal may be appropriate, though not for lack of subject-matter jurisdiction. *Lyons v. England*, 307 F.3d 1092, 1108 (9th Cir. 2002) (holding that the plaintiff's claims of discriminatory conduct that occurred more than 45 days before they filed their complaint were time-barred). The court will address each of these issues in turn.

**1. Ms. Lin's Federal Claims are Within the Scope of the EEOC Investigation**

Though Ms. Lin did not specifically mention the April 2, 2009 vacancy in her EEO complaint, her federal claims are within the scope of the EEOC's actual investigation or an investigation that could reasonably be expected to grow out of her charges of discrimination. *See EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994). Moreover, Ms. Lin's federal claims are consistent with her original theory of the case. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002). Therefore, the court has subject-matter jurisdiction.

Title VII actions by federal employees are governed by 42 U.S.C. § 2000e-16. An employee must exhaust administrative remedies with her agency within the time limits specified in EEOC regulations. The plaintiff must make a complaint to an EEO counselor within 45 days of the alleged discrimination, which is the pre-complaint process, and then file a written complaint with the agency within 15 days of the final interview with the EEO counselor. 29 C.F.R. §§ 1614.105(a), .106(b). If the plaintiff takes the case to the EEOC, the plaintiff must file the complaint with the EEOC within 30 days of the agency's final decision. *Id.* § 1614.402(a). When, as here, the EEOC issues a final decision, the plaintiff has 90 days from the EEOC's decision to file an action in federal court. 42 U.S.C. § 200e-16(c); 29 C.F.R. § 1614.408.

1    Generally a federal court may not consider allegations outside the administrative complaint. *See*
2    *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002).  Substantial compliance
3    with the requirement that discrimination complaints must be presented to the appropriate agency is a
4    jurisdictional prerequisite. *Sommantino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001).  The
5    time limits themselves are not jurisdictional but are subject to equitable tolling, just like claims
6    against private employers. *Irwin*, 498 U.S. at 93-96.

7    Courts nonetheless may consider claims not presented in the administrative complaint if the
8    factual allegations in the federal complaint are reasonably related to the factual allegations in the
9    EEO complaint. *See Freeman*, 291 F.3d at 637.  To make this determination, the court must decide
10   whether the allegations not included in the original charge would have fallen "within the scope of
11   the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to
12   grow out of the charge of discrimination." *See Farmer Bros.*, 31 F.3d at 899 (internal quotation
13   marks omitted) (emphasis in original).  This requires courts to consider (1) the alleged basis of
14   discrimination, (2) the dates of discriminatory acts specified within the charge, (3) perpetrators of
15   discrimination named in the charge, and (4) locations at which discrimination is alleged to have
16   occurred. *See B.K.B.*, 276 F.3d at 1100.  Additionally, "the court should consider plaintiff's civil
17   claims to be reasonably related to allegations in the charge to the extent that those claims are
18   consistent with the plaintiff's original theory of the case." *Id.*  Courts must construe the initial EEO
19   charge "with the utmost liberality." *Farmer Bros.*, 31 F.3d at 899 (internal quotation marks and
20   citation omitted).

21   Ms. Lin's August 13, 2009 Information for Pre-Complaint Counseling states that on a continuing
22   basis since August 3, 2009, the Postal Service had discriminated against her by failing to update her
23   promotion eligibility. ECF No. 41 at 4, Exh. J.  In particular, her pre-complaint information alleged
24   that the discrimination occurred at the "MGR San Francisco AMC, BLDG 660 W Field Rd." facility
25   and that Ed Cuadra, J. Abeyta, and R. Wills, among others, engaged in the discriminatory conduct.
26   *Id.* at 4-5.  Likewise, her October 28, 2009 formal EEO complaint alleges that as a result of the
27   Postal Service's failure to update her promotion eligibility status, it denied her "promotions"
28   beginning on August 3, 2009 and continuing to the present. ECF No. 41 at 7, Exh. K.  The formal

C 10-03757 LB
ORDER DISMISSING PLAINTIFF'S FAC
11

1 complaint also states that the discrimination occurred at the "San Francisco AMC" and that Ed
2 Cuadra, Jack Abeyta, and Carol Croteau engaged in the discriminatory conduct. *Id.* at 7. During the
3 Agency's investigation, it found that "due to downsizing, the Postal Service has not had any vacant
4 positions to fill." FAC, ECF No. 30-12 at 2, Exh. L. In response, Ms. Lin asserted in her appeal that
5 the Postal Service had, in fact, posted two available vacant positions on April 2 and April 17, 2009.
6 *Id.* ECF No. 30-1 at 2, Exh. A.

7 Ms. Lin's federal claims allege that the Postal Service failed to update her promotion eligibility
8 and as a result, it denied her the April 2, 2009 promotion. FAC, ECF No. 30 at 11, ¶ 42. She claims
9 that Ed Cuadra, Jack Abeyta, and Carol Croteau engaged in the discriminatory conduct at the Postal
10 Service's facilities in San Francisco. FAC, ECF No. 30 at 3, ¶ 6. In addition, Ms. Lin claims that
11 the Postal Service failed to update her promotion qualifications beginning on about January 27, 2009
12 and continuing until October 6, 2009 when it updated her eligibility but then awarded the April 2,
13 2009 position to Mr. Mata four days later. FAC, ECF No. 30 at 7, ¶¶ 22, 26.

14 Mindful that courts must construe EEOC complaints "with the utmost liberality," Ms. Lin's first
15 amended complaint fits squarely within the EEOC's actual investigation or one that could
16 reasonably have grown out of her charges of discrimination. *Farmer Bros.*, 31 F.3d at 899. First,
17 her Information for Pre-Complaint Counseling, her formal EEO complaint, and the claims in her
18 first amended complaint all assert the same basis of discrimination. ECF No. 41 at 4, 7, Exhs. J
19 (Information for Pre-Complaint Counseling) & K (formal EEO complaint); FAC, ECF No. 30 at 11,
20 ¶ 42. Specifically, Ms. Lin alleges that the Postal Service denied her promotions when it failed to
21 timely update her promotion eligibility. *Id.* Second, her EEO complaint alleges discrimination for
22 the exact time period that Ms. Lin alleges the Postal Service discriminated against her in her first
23 amended complaint. *Id.* Specifically, her EEO complaint asserts discrimination on a continuing
24 basis from August 3, 2009 through the October 10, 2009 date that she claims the Postal Service
25 wrongfully denied her a promotion, which also is alleged in her first amended complaint. *Id.* Third,
26 Ms. Lin named the same individuals who engaged in the allegedly discriminatory conduct in both
27 her EEO complaint and her first amended complaint. *Id.* Specifically, she named Ed Cuadra, Jack
28 Abeyta, and Carol Croteau. *Id.* Lastly, Ms. Lin asserts in her EEO complaint and her first amended

1  complaint that the Postal Service discriminated against her at the San Francisco division of its
2  offices. *Id.* Thus, the four factors outlined in *B.K.B.* indicate that the factual allegations in Ms.
3  Lin's first amended complaint are reasonably related to the factual allegations in her EEO complaint.
4  *B.K.B.*, 276 F.3d at 1100.

5  In addition to those four factors, the Agency investigated whether the Postal Service denied Ms.
6  Lin promotions and found that it had not because no promotions were available. FAC, ECF No. 30-
7  12 at 1-5, Exh. L. That the Agency failed to discover the April 2, 2009 promotion does not change
8  the fact that the investigation explicitly encompassed promotions and the Postal Service's alleged
9  denial of those opportunities. Moreover, because federal courts may hear Title VII claims that are
10 not specifically alleged in an EEO complaint, *see Freeman*, 291 F.3d at 637, it is irrelevant that the
11 EEOC instructed Ms. Lin to re-initiate the EEO process for the April 2 and April 17, 2009
12 promotion denials. The court agrees with the EEOC that Ms. Lin did not explicitly allege these two
13 dates of discrimination in her EEO complaint, but the inquiry at this stage is whether her federal
14 claims are reasonably related to the claims in her EEO complaint, which the court now finds that
15 they are. *Id.*

16 Additionally, Ms. Lin's original theory of the case has remained constant. From her Information
17 for Pre-Complaint Counseling to her formal EEO Complaint to her first amended complaint, Ms. Lin
18 has maintained that the Postal Service discriminated against her when it failed to update her
19 promotion eligibility and as a result, denied her promotions. ECF No. 41 at 4, 7, Exhs. J
20 (Information for Pre-Complaint Counseling) & K (formal EEO complaint); FAC, ECF No. 30 at 11,
21 ¶ 42. Therefore, the claims in her first amended complaint are consistent with her original theory of
22 the case.

23 The claims in Ms. Lin's first amended complaint regarding the denial of the April 2, 2009
24 promotion are within the scope of the EEOC's actual investigation or one that can reasonably be
25 expected to grow out of her original charge of discrimination and are consistent with her original
26 theory of the case. Thus, the court has subject-matter jurisdiction over Ms. Lin's claims.

27 **2. Ms. Lin Timely Initiated the EEO Process**
28 As the court notes above, the timely initiation of the EEO process is not a jurisdictional

C 10-03757 LB
ORDER DISMISSING PLAINTIFF'S FAC
13

1 prerequisite but rather a requirement that is subject to waiver. *Irwin*, 498 U.S. at 93-96 (*citing Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)). With this in mind, though the court may have subject-matter jurisdiction over her claims, dismissal may be warranted if Ms. Lin failed to timely initiate the EEO process and equitable tolling of the limitation period is inappropriate. *See Lyons*, 307 F.3d at 1108. As a result, the court must determine whether Ms. Lin timely initiated the EEO process.

To determine whether Ms. Lin timely initiated the EEO process, the court must resolve whether her EEO complaint alleged a discriminatory act that occurred within the 45-day limitation period. Ms. Lin filed her Information for Pre-Complaint Counseling on August 13, 2009 (twelve days after the Postal Service filled the April 17 vacancy), alleging that the Postal Service failed to update her promotion eligibility. FAC, ECF No. 41 at 4, 9. Her formal EEO complaint filed on October 28, 2009 also stated that the Postal Service had denied her "promotions." *Id.* at 7, Exh. K. The agency, though, ruled that due to downsizing, "the Postal Service has not had any vacant positions to fill." FAC, ECF No. 30-12 at 2, Exh. L (Agency decision). In response, Ms. Lin argued on appeal to the EEOC that in fact the Postal Service had two vacant positions available that it wrongfully denied her, one of which was the April 17, 2009 vacancy. ECF No. 30-1 at 2, Exh. A.

In short, Ms. Lin's October 28, 2009 complaint and her arguments on appeal indicate that she sought redress for what she alleged was the Postal Services' discriminatory denial of promotion opportunities, including the denial on August 1, 2009. Because she initiated the EEO complaint process within 45 days of the August 1, 2009 denial, her EEO complaint was timely. That Ms. Lin now does not claim that the August 1, 2009 denial was discriminatory is irrelevant to whether or not she timely initiated the EEO administrative process in the first instance. Moreover, that the EEOC upheld the Agency's dismissal of her complaint for failure to state a claim does not change the fact that she timely initiated the EEO review. Therefore, Ms. Lin's claims are not time-barred.

**B. Dismissal For Failure to State a Claim Under Rule 12(b)(6)**

**1. Claims One, Two, and Three: Discrimination in Violation of Title VII**

In claims one, two, and three, Ms. Lin alleges that the Postal Service discriminated against her because of her race (Asian), national origin (Chinese), and sex (female) by failing to timely update

her qualifications in its Promotion Eligibility Register and thus failing to promote her. FAC, ECF No. 30 at 9, ¶ 32. Ms. Lin claims that the April 2, 2009 MPE 9 vacancy remained open when she filed her EEO complaint on August 13, 2009, and the Postal Service would have awarded her the bid had it properly updated her qualifications following her numerous requests.[4] *Id.* Even after the Postal Service updated her qualifications and placed her on the Promotion Eligibility Register on October 6, 2009, Ms. Lin asserts that it wrongfully denied her the April 2, 2009 MPE 9 vacancy when it awarded that position on October 10, 2009 to a man who was not on the register. *Id.* at 11, ¶ 42.

To establish a prima facie case of employment discrimination under Title VII, Ms. Lin must prove that (1) she belongs to a protected class, (2) she was qualified for the job (or promotion or other benefit at issue), (3) she was subject to an adverse employment action, and (4) similarly-situated individuals outside her protected class were treated more favorably. *See Leong*, 347 F.3d at 1124 (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Though heightened pleading standards are not mandated in Title VII cases, Ms. Lin must plead sufficient facts to state the elements of a prima facie case of discrimination. *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (*citing Williams v. Boeing Co.*, 517 F.3d 1120, 1130 (9th Cir. 2008)).

### i. Claims One, Two, and Three Are Dismissed Without Prejudice

Ms. Lin sufficiently pleaded facts for elements one, two, and three, but failed to plead enough facts regarding the fourth element. She alleges that she is a member of a protected class: Asian (race), Chinese (national origin), and female (sex). FAC, ECF No. 30 at 3, ¶ 7. She also sufficiently alleges that she satisfied the eligibility criteria (meaning, the qualifications) for the promotions that

---

[4] Ms. Lin does not allege or argue that the Postal Service wrongfully denied her the April 17, 2009 promotion. FAC, ECF No. 30 at 11, ¶ 43; Opposition, ECF No. 37. She also affirmed in her opposition that she is not asserting a retaliation claim based on the Postal Service's failure to abide by the terms of the 2008 settlement agreement, any claims based on 42 U.S.C. § 1983, or a breach of the collective bargaining agreement. Opposition, ECCF No. 37 at 17-19. Her counsel confirmed at oral argument that facts about these areas were alleged in the complaint to show either context, knowledge, or procedures.

1 should have been reflected in the Promotional Eligibility Register because she alleges that the Postal
2 Service updated her qualifications in late August 2009 and actually placed her on the Promotion
3 Eligibility Register on October 6, 2009. *Id.* at 7, ¶ 25, 10, ¶ 40. Ms. Lin also sufficiently alleged
4 that she was subject to an adverse employment action because the Postal Service denied her the
5 April 2, 2009 promotion on October 10, 2009. *Id.* at 11, ¶ 42; *Breiner v. Nevada Dept. of*
6 *Corrections*, 610 F.3d 1202, 1208 (9th Cir. 2010) (denial of a promotion constitutes an adverse
7 employment action).

8 As to the fourth element, however, Ms. Lin did not sufficiently allege facts that the Postal
9 Service treated a similarly-situated individual outside of her protected class more favorably. Though
10 Ms. Lin sufficiently pleads facts to suggest that Mr. Mata, the individual who received the April 2,
11 2009 promotion, is a man, she fails to allege any facts that suggest that he was not Asian and was not
12 Chinese. She argues in her opposition that Mr. Mata is a "non-Chinese" postal worker, but she fails
13 to allege any facts in her first amended complaint regarding Mr. Mata's race or national origin.
14 Opposition, ECF No. 37 at 16.

15 Ms. Lin also fails to adequately allege facts that show that Mr. Mata was similarly-situated or
16 not qualified to receive the April 2, 2009 vacancy. While she claims that Mr. Mata was not qualified
17 to receive the April 2, 2009 promotion because he was not on the Promotion Eligibility Register, she
18 does not plead any facts as to *why* his absence on the register means that he was similarly-situated or
19 not qualified to receive the job. FAC, ECF No. 30 at 11, ¶ 43. As set forth in the facts section, the
20 Collective Bargaining Agreement (incorporated in the complaint) sets forth different procedures for
21 filling vacancies. It requires the Postal Service to first offer the vacancy to the most senior
22 employees on the preferred assignment register, then to part-time employees who have submitted a
23 preferred assignment form for a full-time position, then to more qualified individuals who requested
24 assignment to a lower level position. *Id.* at 30-2 at 4-5, § 5, Exh. B. Only after the Postal Service is
25 unable to fill the vacancy using these three methods can it offer the job to an individual on the

**UNITED STATES DISTRICT COURT**
For the Northern District of California

promotion eligibility register.⁵ *Id.* Ms. Lin fails to allege that Mr. Mata was not (1) on the preferred assignment register, (2) a part-time employee who submitted a preferred assignment form for a full-time position, or (3) a more qualified individual who requested assignment to a lower-level position – all situations that would have given Mr. Mata preference for the April 2, 2009 vacancy over Ms. Lin. *Id.* Put another way, simply because Mr. Mata was not on the Promotion Eligibility Register does not mean that he was less qualified or similarly-situated to Ms. Lin. Accordingly, the court dismisses Ms. Lin's first, second, and third claims without prejudice. Because it may be possible for Ms. Lin to cure this deficiency, the court grants her leave to amend.⁶

As noted above, the court also holds that Ms. Lin sufficiently pleaded facts that Mr. Mata is a man, but she might want to allege that more specifically in any amended complaint.

**2. Claim Four: Retaliation in Violation of Title VII**

Ms. Lin alleges that the Postal Service retaliated against her in 2009 for her 2008 EEO activity

---

⁵ The Collective Bargaining Agreement states, "Where a vacant or newly established duty assignment cannot be filled from an established preferred assignment register, *and the assignment is to be filled by means of a promotion,* selection shall be made from the appropriate eligibility register." FAC, ECF No. 30-2 at 4, § 5, Exh. B (emphasis added).

⁶ This argument was raised in somewhat conclusory fashion by the government. *See, e.g.*, Motion to Dismiss, ECF No. 35 at 22-23; Reply, ECF No. 44 at 10. At oral argument, the government stated even more generally that the collective bargaining agreement and the employee handbook attached to the complaint show that other procedures apply to filling vacancies, and basically suggested that Ms. Lin would have to plead sufficient facts about all of these (unidentified) procedures to establish for pleading purposes that the Postal Service treated a similarly-situated person outside of her protected class more favorably. The court declines to undertake such a broad analysis of the attached documents itself. Its ruling here – requiring pleading of additional facts to show that Mr. Mata was not eligible under one of the three categories that precedes hiring from the Promotion Eligibility Register – is required because those categories apply before hiring from the Promotion Eligibility Register.

The Postal Service also suggests that the court should dismiss Ms. Lin's claims with prejudice because "Plaintiff will not be able to establish that Willie Mata is less qualified than her or similarly situated to her, when, as Plaintiff likely knows, Willie Mata was on a PAR, and a GS-9, far more senior to her." Motion to Dismiss, ECF No. 35 at 23 n.3. While those facts may be true, this is not a summary judgment hearing but instead is a 12(b)(6) hearing where the court takes as true all allegations in the complaint and cannot consider facts outside the complaint.

C 10-03757 LB
ORDER DISMISSING PLAINTIFF'S FAC

17

1 by not updating her promotion eligibility and therefore denying her promotions.  FAC, ECF No. 30
2 at 11, ¶ 44.

3     To establish a prima facie case of retaliation under Title VII, Ms. Lin must prove that (1) she
4 engaged in a protected activity, (2) she suffered an adverse employment decision, and (3) there was
5 a causal link between the protected activity and the adverse employment decision.  *See Villiarimo v.*
6 *Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).

7     As to element one, an employee's formal or informal complaints to a supervisor regarding
8 unlawful discrimination is "protected activity," and it is immaterial whether the complaints are well-
9 founded.  *See Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506-07 (9th
10 Cir. 2000).

11     As to element two, for purposes of a retaliation claim, a "materially adverse employment
12 decision" is one that would dissuade a reasonable worker from exercising protected rights, which is
13 a lower standard than that required for a Title VII discrimination claim.  *See Burlington Northern &*
14 *Santa Fe Ry. Co.*, 548 U.S. 53, 68 (2006); *Michael v. Caterpillar Fin'l Servs. Corp.*, 496 F.3d at
15 595.  Whether an employer's action is materially adverse depends on the circumstances.  For
16 example, a change in a work schedule may matter little to some employees and materially to a parent
17 with school-aged children.  *See Burlington Northern*, 548 U.S. at 69.  A supervisor's failure to invite
18 a subordinate to lunch may be petty and trivial, or it might be an exclusion from a weekly training
19 lunch that contributes to the employee's professional development.  *See id.*  What matters is whether
20 it might dissuade a reasonable employee from complaining about discrimination.  *See id.*

21     As to element three, a plaintiff may establish a causal link between the protected activity and the
22 adverse action by circumstantial knowledge, including the employer's knowledge of the protected
23 activity and a proximity in time between the protected action and the adverse employment act.  *See*
24 *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988); *Passantino*, 212 F.3d at 507 ("when adverse
25 decisions are taken within a reasonable period of time after complaints of discrimination are made,
26 retaliatory intent may be inferred").

27     Here, Ms. Lin pleaded sufficient facts that she engaged in a protected activity: she initiated a
28 claim with the EEO in 2008 that resulted in a settlement agreement.  FAC, ECF No. 30 at 6, ¶¶ 19-

1  20.  She also adequately pleaded that she suffered a materially adverse employment decision: the Postal Service denied her a promotion.  *Id.* at 11, ¶ 42; *Boone v. Goldin*, 178 F.3d 253, 256-57 (9th Cir. 1999) (denying or materially delaying a promotion is a materially-adverse employment decision).

Ms. Lin did not plead sufficient facts regarding the causal link between the adverse employment action and the protected activity.  The parties settled the 2008 EEO complaint on May 6, 2008, and the Postal Service allegedly denied her the April 2, 2009 promotion nearly a year and a half later on October 10, 2009.  FAC, ECF No. 30 at 6, ¶ 20, 11, ¶ 42.  This year-and-a-half gap between the protected activity and the alleged retaliatory action is too attenuated to infer a retaliatory intent by itself, and Ms. Lin provides no other facts to support a causal link.  *See, e.g., Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (a 20 month delay); *Villiarimo*, 281 F.3d at 1065 (a nearly 18-month delay); *Manatt v. Bank of America, N.A.*, 339 F.3d 792, 802 (9th Cir. 2003) (9-month delay). She claims in her opposition that Ed Cuadra, the individual who signed the 2008 settlement agreement, "presumably" decided to deny Ms. Lin the April 2, 2009 promotion and that therefore, the court should infer retaliatory intent.  Opposition, ECF No. 37 at 17.  She fails, however, to allege these facts in her first amended complaint.  As a result, Ms. Lin's retaliation claim is denied without prejudice.  Because it may be possible for Ms. Lin to cure this deficiency, the court grants her leave to amend.

## VI.  CONCLUSION

The Postal Service's motion to dismiss for lack of subject-matter jurisdiction is **DENIED**.

Ms. Lin's first amended complaint is **DISMISSED WITHOUT PREJUDICE**.  The court grants Ms. Lin leave to amend.  She shall file a second amended complaint no later than May 23, 2011.

This disposes of ECF No. 35.

**IT IS SO ORDERED.**

Dated: April 21, 2011

_____
LAUREL BEELER
United States Magistrate Judge

C 10-03757 LB
ORDER DISMISSING PLAINTIFF'S FAC
19